UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAHRAM BEJOU, | CASE NO. CV F 13-0125 LJO SMS |
| Plaintiff, | **ORDER ON DEFENDANT'S F.R.Civ.P. 12 MOTION TO DISMISS** (Doc. 11.) |
| vs. | |
| BANK OF AMERICA, N.A., | |
| Defendant. / | |

## INTRODUCTION

Defendant Bank of America, N.A. ("B of A") seeks to dismiss as legally barred and insufficiently pled plaintiff Bahram Behjou's ("plaintiff's") claims arising from her defaulted loan. In disobedience of this Court's April 3, 2013 order, plaintiff failed to file either papers to oppose B of A's F.R.Civ.P. 12(b)(6) motion to dismiss or an amended complaint as a matter of course, pursuant to F.R.Civ.P. 15(a)(1)(B). This Court considered B of A's motion to dismiss on the record without a hearing. *See* Local Rule 230(c), (g). For the reasons discussed below, this Court DISMISSES this action.

## BACKGROUND[1]

### Plaintiff's Loan

On April 5, 2006, plaintiff obtained from B of A a $228,200 loan ("property loan") evidenced by a promissory note ("note") and secured by a deed of trust on plaintiff's Kern County property. B of A did not advise plaintiff of the note's provision to entitle B of A to call

---

[1] The factual recitation summarizes plaintiff's Complaint ("complaint"), the target of B of A's challenges.

1

plaintiff's other loans and deem them in default with default of the property loan. Plaintiff attempted to modify her property loan, and B of A would not agree to release the term to call plaintiff's other loans. Plaintiff filed the complaint to pursue consumer claims against B of A.

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards

B of A seeks to dismiss the complaint's claims as lacking specific facts to support the claims.

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). A F.R.Civ.P. 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In addressing dismissal, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

A plaintiff is obliged "to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, a complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court explained:

> . . . a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit summarized: "In sum, for a complaint to survive [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949).

The U.S. Supreme Court applies a "two-prong approach" to address dismissal:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not

> permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949-1950.

Moreover, a court may consider exhibits submitted with the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987);*Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003).   A "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003).  Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based."  *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).  A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)).

With these standards in mind, this Court turns to B of A's challenges to the complaint's claims.

### **CONSUMER LEGAL REMEDIES ACT**

The complaint alleges a first claim that B of A inserted an unconscionable term to allow B of A to deem plaintiff in default of all loans to violate the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code, §§ 1750, et al.  B of A contends that the CLRA is inapplicable.

4

The CLRA renders unlawful "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code, § 1770(a). The CLRA defines "goods" as "tangible chattels bought or leased for use primarily for personal, family, or household purposes." Cal. Civ. Code, § 1761(a). The CLRA defines "services" as "work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods." Cal. Civ. Code, § 1761(b).

B of A argues that the CRLA does not apply to plaintiff's property loan. *See Consumer Solutions REO, LLC v. Hillery*, 658 F.Supp.2d 1002, 1017 (N.D. Cal. 2009) (because plaintiff "has challenged only the validity of the mortgage loan . . ., the Court dismisses the CLRA claim with prejudice"); s*ee also Fairbanks v. Superior Court*, 46 Cal.4th 56, 65, 205 P.3d 201 (2009) (noting "legislative intent in limiting the definition of 'goods' to include only 'tangible chattels'").

B of A further faults the complaint's failure to identify a specific "unconscionable" provision which is neither quoted nor cited via an exhibit to the complaint. B of A challenges plaintiffs' unexplained alleged harm given that plaintiff received a $228,200 loan.

Neither the complaint nor record supports a CRLA claim against B of A. The complaint merely alleges B of A's failure to modify plaintiff's default property loan. Such failure fails to support a CRLA claim. The CRLA is subject to dismissal in absence of B of A's alleged wrongs subject to the CRLA and plaintiff's purported damages arising from a CRLA violation.

### Unfair Business Practices

The complaint's second claim alleges that B of A "solicited Plaintiff with a loan agreement containing terms that are unfairly competitive" to violate the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code, §§ 17200, et al.

B of A faults the absence of facts to support a UCL claim.

"Unfair competition is defined to include 'unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or misleading advertising.'" *Blank v. Kirwan*, 39 Cal.3d 311, 329, 216 Cal.Rptr. 718 (1985) (quoting Cal. Bus. & Prof. Code, § 17200). The UCL establishes three varieties of unfair competition – "acts or practices which are unlawful, or unfair, or fraudulent." *Shvarts v. Budget Group, Inc.*, 81 Cal.App.4th 1153, 1157, 97

5

Cal.Rptr.2d 722 (2000).  An "unlawful business activity" includes anything that can properly be called a business practice and that at the same time is forbidden by law. *Blank*, 39 Cal.3d at 329, 216 Cal.Rptr. 718 (citing *People v. McKale*, 25 Cal.3d 626, 631-632, 159 Cal.Rptr. 811, 602 P.2d 731 (1979)).  "A business practice is 'unlawful' if it is 'forbidden by law.'" *Walker v. Countrywide Home Loans, Inc.*, 98 Cal.App.4th 1158, 1169, 121 Cal.Rptr.2d 79 (2002) (quoting *Farmers Ins. Exchange v. Superior Court*, 2 Cal.4th 377, 383, 6 Cal.Rptr.2d 487 (1992)).

The UCL prohibits "unlawful" practices "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Court*, 27 Cal.App.4th 832, 838, 33 Cal.Rptr.2d 548 (1999).  The UCL "thus creates an independent action when a business practice violates some other law."  *Walker*, 98 Cal.App.4th at 1169, 121 Cal.Rptr.2d 79.  According to the California Supreme Court, the UCL "borrows" violations of other laws and treats them as unlawful practices independently actionable under the UCL.  *Farmers Ins.*, 2 Cal.4th at 383, 6 Cal.Rptr.2d 487.

A fellow district court has explained the borrowing of a violation of law other than the UCL:

> To state a claim for an "unlawful" business practice under the UCL, a plaintiff must assert the violation of any other law. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999) (stating, "By proscribing 'any unlawful' business practice, section 17200 'borrows' violations of other law and treats them as unlawful practices that the unfair competition law makes independently actionable.") (citation omitted). Where a plaintiff cannot state a claim under the "borrowed" law, she cannot state a UCL claim either. *See, e.g., Smith v. State Farm Mutual Automobile Ins. Co.*, 93 Cal.App.4th 700, 718, 113 Cal.Rptr.2d 399 (2001). Here, Plaintiff has predicated her "unlawful" business practices claim on her TILA claim. However, as discussed above, Plaintiff's attempt to state a claim under TILA has failed. Accordingly, Plaintiff has stated no "unlawful" UCL claim.

*Rubio v. Capital One Bank*, 572 F.Supp.2d 1157, 1168 (C.D. Cal. 2008).

"Unfair" under the UCL "means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are

comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cal-Tech Communications, Inc. v. Los Angeles Cellular Telephone*, 20 Cal.4th 163,187, 83 Cal.Rptr.2d 548 (1999).  A business practice is unfair when it "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Podolsky v. First Healthcare Corp.*, 50 Cal.App.4th 632, 647, 58 Cal.Rptr.2d 89 (1996) (internal quotations and citations omitted).  The "unfairness" prong of the UCL "does not give the courts a general license to review the fairness of contracts." *Samura v. Kaiser Found. Health Plan*, 17 Cal.App.4th 1284, 1299 & n. 6, 22 Cal.Rptr.2d 20 (1993).

The "fraudulent" prong under the UCL requires a plaintiff to "show deception to some members of the public, or harm to the public interest," *Watson Laboratories, Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F.Supp.2d 1099, 1121 (C.D. Ca. 2001), or to allege that "members of the public are likely to be deceived," *Schnall v. Hertz Corp.*, 78 Cal.App.4th 1144, 1167, 93 Cal.Rptr.2d 439 (2000); *Medical Instrument Development Laboratories v. Alcon Laboratories*, 2005 WL 1926673, at *5 (N.D. Cal. 2005).  A UCL "plaintiff need not show that he or others were actually deceived or confused by the conduct or business practice in question." *Schnall*, 78 Cal.App.4th at 1167, 93 Cal.Rptr.2d 439.

"A plaintiff alleging unfair business practices under these statutes [UCL] must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 619, 17 Cal.Rptr.2d 708 (1993).

The complaint fails to establish that defendants engaged in unlawful, unfair or fraudulent business practices under the UCL.  In the absence of violation of a borrowed law, a UCL claim fails in that it cannot rest on the limited purported wrongs which the complaint alleges.  The complaint lacks viable statutory or common law claims and lacks reasonable particularity of facts to support a UCL claim.  Reliance on other invalid claims fails to support a viable UCL claim.  Furthermore, the complaint lacks particularity of fraudulent circumstances, such as a misrepresentation, for a UCL claim, especially given the absence of fraud-sounding claims.  The complaint lacks facts to describe how consumers were deceived and to hint at a wrong subject to the UCL to warrant the UCL claim's dismissal.

**Estoppel**

The complaint's (third) estoppel claim alleges that B of A "knew the true facts regarding their [sic] representation that about the full force of the subject loan" and "intended to keep Plaintiff in a contract that was onerous to Plaintiff."

B of A faults the complaint's failure to allege estoppel elements in that the complaint alleges that B of A knew of facts but fails to explain their relevancy or resulting harm.

"The elements of an equitable estoppel are 1) the party to be estopped must know the facts; 2) such party must intend that its conduct will be acted on, or must so act that the party asserting the estoppel had a right to believe that it was so intended; 3) the party asserting the estoppel must be ignorant of the true state of facts; and 4) the party asserting the estoppel must rely on the conduct to his injury." *Clarendon Nat. Ins. Co. v. Insurance Co. of the West*, 442 F.Supp.2d 914, 942 (E.D. Cal. 2006).

B of A is correct that the complaint lacks facts to support estoppel. B of A's alleged failure to disclose the note's provision to call plaintiff's loans fails to support estoppel given that there are no facts that plaintiff was prevented to read the provision. Failure to modify plaintiff's property loan fails to support estoppel. The complaint's estoppel claim is subject to dismissal.

**CONCLUSION AND ORDER**

Plaintiff has failed to oppose dismissal or to file an amended complaint to attempt to cure deficiencies of plaintiff's claims. As such and for the reasons discussed above, this Court:

1. DISMISSES with prejudice this action; and
2. DIRECTS the clerk to enter judgment in favor of defendant Bank of America, N.A. and against plaintiff Bahram Bejou and to close this action.

IT IS SO ORDERED.

Dated:   **April 24, 2013**             **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE